# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

_____

**In re: Ticketmaster Sales Practices Litigation**     Master File No. 09 CV 912(ABC)(JCx)

[CHANGES MADE BY COURT]

_____

## PROTECTIVE ORDER

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, and based on good cause, it is, pursuant to the Court's authority under FRCP 26(c)(1), and with the consent of the parties, hereby ORDERED:

1. **Scope of Order.**  This Order is intended to facilitate the parties' production of information and documents as part of voluntary disclosure and in response to discovery requests.  Nothing in this Order is to be construed to expand or limit the parties' discovery obligations.  This Order covers the production and use of all Discovery Materials in this action that constitute, contain or disclose, in

1

whole or in part, information which the Designating Party designates as "Confidential."

2. **General Definitions.** For purposes of this Order, the following terms have the following meanings:

a. "Document" shall mean and include, without limitation, all materials, electronic information and tangible things defined as broadly as permitted under Federal Rule of Civil Procedure 34.

b. "Discovery Materials" shall mean and include, without limitation, Documents, responses to interrogatories, requests for admissions, or other discovery requests, physical objects, samples, CD-ROMs, tapes or other items, deposition transcripts and exhibits thereto, and information provided by or on behalf of the Parties or any non- party witness pursuant to subpoena or otherwise in the course of discovery.

c. "Pleadings" shall mean and include, without limitation, all papers, motions, briefs, affidavits, declarations, exhibits, etc., filed with the Court.

d. "Party" or "Parties" shall mean and include the parties to this litigation.

e. "Designating Party" shall mean the Party or non-party designating Discovery Material as "Confidential."

3. **Confidentiality Definitions.** For purposes of this Order, the following terms have the following meanings:

a. "Confidential Information" shall mean trade secrets or other confidential research, development, or commercial information pursuant to FRCP 26(c)(1)(G).

4. **Designating Protected Material.** All designations of Confidential Information shall be made in good faith by the Designating Party and made at the time of disclosure, production, or tender.

2

**PROTECTIVE ORDER**

a. The designation of Discovery Material in the form of Documents and Discovery Materials other than depositions or other pretrial testimony as Confidential Information shall be made by the Designating Party by affixing the legend "CONFIDENTIAL" on each page containing any Confidential Information (or in the case of computer medium on the medium and its label and/or cover) to which the designation applies.

c. The inadvertent or unintentional production of documents, materials, testimony or information containing, or other disclosure of, private, confidential, proprietary, or trade secret information that is not designated "CONFIDENTIAL" at the time of the production or disclosure shall not be deemed a waiver in whole or in part of a Designating Party's claim of confidentiality or secrecy, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.  Any error in designation or production shall be corrected as soon as reasonably possible after the producing party becomes aware of the error.  The production of documents or other tangible things pursuant to a request for production by a Party shall not be deemed a waiver of any right by the producing party to object to the admissibility of such document or other thing on grounds of relevancy, materiality, privilege, or any other ground.

5. **Designation of Deposition Testimony.**

a. Deposition testimony that counsel for the Party or non-party witness tendering such testimony, in good faith, believes contains Confidential Information shall be designated as "CONFIDENTIAL," as applicable, by such counsel by making a statement on the record for inclusion in the deposition transcript or, in writing, within thirty (30) calendar days after receipt of the transcript.

b. When Confidential Information is designated in a deposition transcript, the counsel making the designation shall instruct the reporter to imprint the legend "THIS TRANSCRIPT CONTAINS CONFIDENTIAL INFORMATION" on the cover page of the transcript and to include, at the front of

the transcript, a page identifying all pages and lines designated "CONFIDENTIAL" in the transcript.

    c.    To allow time for counsel to review deposition testimony and request confidentiality designations, all deposition testimony shall be treated as Confidential until thirty (30) calendar days after counsel's receipt of the transcript.

    6.    **Disclosure of Confidential Information.**  Neither the Parties nor their counsel shall permit disclosure of Confidential Information, including any analyses or reports which pertain thereto, to anyone except as provided by this Order, and only after the conditions stated in this Order have been met. Confidential Information may not be disclosed to any person except:

    a. Parties and affiliates and subsidiaries thereof, including all of their respective officers, directors or employees;

    b. Counsel for the Parties, including their paralegals and clerical staff and in-house counsel;

    c. Experts (whether consulting or testimonial) in this action to whom disclosure is reasonably necessary, provided that experts shall not have access to Confidential Information without having first read, acknowledged, and agreed to be bound by this Order by executing the Agreement to be Bound by Protective Order attached as Exhibit A (the "Agreement to be Bound");

    d. The Court and its personnel;

    e. Court reporters engaged for depositions, hearings or trial;

    f. A potential, anticipated or actual fact witness whom counsel for the disclosing Party believes in good faith is likely to testify at a deposition or at trial, provided that such witness not have access to Confidential Information without having first read, acknowledged, and agreed to be bound by this Order by executing the Agreement to be Bound.  Counsel for the disclosing party shall maintain all such executed Agreements to be Bound.  Those Agreements may be inspected *in camera* by the Court if good cause for review is demonstrated by the

Designating Party, but only upon Court order may the Agreements be made available to the Designating Party;

g. The author(s) or any recipient of the document;

h. Professional vendors that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, etc.); and

i. any person expressly named and agreed to in writing by the Parties or by further Order of the Court.

7. **Use of Discovery Material.** Confidential Information produced in this litigation shall be used for purposes of this action, only. The persons or entities identified in Paragraph 6 above to whom Confidential Information is disclosed pursuant to this Order shall keep all such materials and information, and any copies, notes, extracts, summaries, or descriptions of such material, within their exclusive possession and control, shall treat all such copies, notes, extracts, summaries, or descriptions of the Confidential Information or any portion thereof as Confidential, shall take all necessary and prudent measures to maintain the confidentiality of all such materials or information, and shall not disseminate such Confidential Information other than in accordance with this Order.

8. **Filing Under Seal.** Nothing in this Order shall prevent a party from using at trial or hearing or during a deposition, or in connection with briefs or other papers filed with the Court, any Confidential Information, except that any such use shall not expand the persons to whom such documents or information may be disclosed pursuant to this Order, unless otherwise ordered by the Court. Any Confidential Information, including deposition transcripts, as well as briefs and other papers containing or otherwise disclosing such information, that is filed with or otherwise submitted to the Court shall be submitted for filing under seal. The party filing the document must comply with the requirements Local Rule of 79-5.1. Any Confidential Information filed with the Court shall be submitted for filing in a

sealed envelope bearing the designation "Confidential: Subject to Protective Order."

9. **Duration.**

a. After termination of this action, counsel of record for the receiving party may retain one archival copy of the deposition transcripts and exhibits, Court transcripts and exhibits, and documents and other materials submitted to the Court. Such archival material shall continue to be treated as Confidential, as applicable, under this Protective Order. Nothing herein shall require the return or destruction of attorney work product.

b. This Order shall continue to be binding throughout and after the conclusion of this action, including any appeal thereof. This Order shall remain in effect until all Confidential Information is returned to the Designating Party or destroyed, as provided below.

c. Within thirty (30) days after termination of this Action by dismissal; final non-appealable judgment or otherwise, each Party shall return to counsel for the Designating Party all information designated Confidential under this Order, including all copies, prints, excerpts, and other reproductions of said information, however generated or maintained, except as provided below. In the alternative, counsel receiving Confidential Information may supervise the destruction of all such information, including all copies, prints, excerpts, and other reproductions of said information, however, generated or maintained. Counsel shall then advise all Designating Parties' counsel in writing that all Confidential Information, including all copies, prints, excerpts, and other reproductions of said information, however generated or maintained, have been destroyed or returned.

10. **Challenges to Confidential Designation or Redactions.** Any party to whom Confidential Information is produced or disclosed may object at any time to the confidentiality designation or redaction. The objection shall be made in writing to counsel for the Designating Party. Counsel shall confer in good faith in

1  an effort to resolve any dispute concerning such designation or redaction.  If the
2  objection cannot be resolved by agreement within ten (10) business days of the
3  date of service of the written objection, the Designating Party shall move the Court
4  to confirm the confidentiality designation or redaction.  Any opposition to such
5  motion shall be filed within ten (10) business days of the filing of such motion.  In
6  the event that a motion to confirm a confidentiality designation or redaction is
7  made in a timely manner, the document or information whose designation or
8  redaction is objected to shall continue to be treated as Confidential, as applicable,
9  until the motion has been decided by the Court.  In the event that a motion to
10 confirm a confidentiality designation or redaction is denied, the Designating Party
11 shall cause the confidentiality legend or redaction to be removed from such
12 documents within ten (10) business days following entry of the Court's order.

13        11.    **Right to Use Own Information.** Nothing in this Order shall limit
14 any party's right to disclose to any person, or use for any purpose, its own
15 information and documents

16        12.    **Subpoena or Order.**  If a Party is served with a subpoena or an order
17 issued in other litigation that would compel disclosure of any information or items
18 designated in this action as Confidential, counsel for the receiving party must
19 promptly notify counsel for the Designating Party in writing, and in no event, more
20 than five business days after receiving the subpoena or order. Counsel for the
21 receiving party also must inform, in writing, the party who caused the subpoena or
22 order to issue in the other litigation that some or all the material covered by the
23 subpoena or order is the subject of this Order.

24        13.    **Inadvertent Production of Privileged Material.**  If information
25 subject to a claim of attorney-client privilege or work-product immunity or any
26 other privilege or immunity is inadvertently or mistakenly produced, such
27 production shall in no way prejudice or otherwise constitute a waiver of or estoppel
28 as to, any claim of privilege or work-product immunity for such information under

the law.  If a Party has inadvertently or mistakenly produced information subject to a claim of immunity or privilege, upon written request made by the producing party within twenty-one (21) days of discovery, all copies of such information shall be returned to the producing party within seven (7) business days of such request unless the receiving party intends to challenge the producing party's assertion of privilege or immunity.  If a receiving party objects to the return of such information within the seven (7) day period described above, the producing party may move the Court for an order compelling the return of such information.  Pending the Court's ruling, a receiving party may retain the inadvertently or mistakenly produced documents in a sealed envelope and shall not make any use of such information.

      14.    **Enforcement.**  The terms of this Order constitute, and shall be deemed to be, an enforceable agreement between the parties which may be enforced by an order of specific performance.  After the termination of this action by entry of a final judgment or order of dismissal, the provisions of this Order shall continue to be binding.   This Order may be altered or amended by the Court upon request by either Party only with a showing of good cause.

IT IS SO ORDERED:

Dated:  June 28, 2010                                        _____/s/_____

                                                            Honorable Jacqueline Chooljian
                                                            United States Magistrate Judge

# EXHIBIT A

# ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____[print or type full name], of _____[print or type full address], declare under penalty of perjury that I have read and understand the Protective Order that was entered by the United States District Court for the Central District of California in the case of *In re Ticketmaster Sales Practices Litigation,* Case No. 09CV912. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that the failure to comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purposes of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

300057753.2