1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Paul R. Kiesel, Esq. (SBN 119854)
kiesel@kbla.com
KIESEL BOUCHER LARSON LLP
8648 Wilshire Boulevard
Beverly Hills, CA 90211-2910
Telephone:  (310) 854-4444
Facsimile (310) 854-0812
*Interim Liaison Class Counsel*

[*Additional counsel listed on signature page*]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

IN RE:  TICKETMASTER SALES
PRACTICES LITIGATION

This Document Relates To:

ALL ACTIONS

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. CV 09-0912 (ABC) (JCx)

CLASS ACTION

REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF
PLAINTIFFS' MOTION FOR
FINAL APPROVAL OF CLASS
ACTION SETTLEMENT and
APPROVAL OF ATTORNEYS'
FEES, REIMBURSEMENT OF
EXPENSES AND PLAINTIFFS'
REIMBURSEMENT AWARDS

DATE:  February 13, 2012
TIME:  10:00 a.m.
COURTROOM: 680

---

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS'
MOTION FOR CLASS ACTION SETTLEMENT**

## TABLE OF CONTENTS

INTRODUCTION ............................................... 1

ARGUMENT ................................................... 5

I.   The Settlement, the Requested Attorneys' Fees, and Plaintiffs'
     Reimbursement Awards Are Fair, Reasonable and Adequate ................... 5

II.  The Objections of the Cesare Group Are Meritless .................................... 7

   A. All of the Members of the Cesare Group Lack Standing ............................ 7

   B. Class Counsel Is Not Required To Submit Detailed Time Records .......... 10

   C. The Declaration of the Hon. Dickran Tevrizian
      Is Not Precluded By Rule 408 ................................................................. 13

   D. The Objection Requirements Are Not Overly Burdensome ...................... 14

   E. Palmer Is a Self-Proclaimed "Professional Objector" .............................. 16

   III. Culver's Objection Is Meritless .................................................................. 17

CONCLUSION ................................................... 18

---

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS'
MOTION FOR CLASS ACTION SETTLEMENT AND APPROVAL OF
ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND
PLAINTIFFS' REIMBURSEMENT AWARDS**

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

3

**FEDERAL CASES**

4

*Browning v. Yahoo! Inc.,*

5
   2007 U.S. Dist. LEXIS 86266 at *17 ................................................. 18

6

*Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.,*

7
   122 F.3d 1211 (9th Cir. 1997) ........................................................... 12

8

*Hanlon v. Chrysler Corp.,*

9
   150 F.3d 1011 at 1027 ....................................................................... 18

10

*Gemelas v. The Dannon Co., Inc.,*

11
   No. 1:08 CV 236, 2010 U.S. Dist. LEXIS 99503 (N.D. Ohio Aug.

12
   31, 2010) ............................................................................................ 17

13

*Hartless v. Clorox Co.,*

14
   273 F.R.D. 630 (S.D. Cal. 2011) ....................................................... 10

15

*Hensley v. Eckerhart,*

16
   461 U.S. 424 (1982)........................................................................... 12

17

*In re Lifelock,*

18
   MDL Docket No. 08-1977-MHM, 2010 U.S. Dist. LEXIS 102612

19
   (D. Az. Aug. 31, 2010) ...................................................................... 13

20

*In re Mercury Interactive Corp. Sec. Litig.,*

21
   618 F.3d 988 (9th Cir. 2010) ..............................................3,11, 12, 13

22

*In re: National Security Agency Telecommunications Records Litig.,*

23
   MDL No. 06-1791, 2010 U.S. Dist. LEXIS 136156 (N.D. Cal.

24
   Dec. 21, 2010)..................................................................................... 10

25

*In re Wash. Pub. Power Supply Sys. Sec. Litig.,*

26
   19 F.3d 1291, 1302 (9th Cir. 1994) ................................................... 13

27

28

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS'
MOTION FOR CLASS ACTION SETTLEMENT AND APPROVAL OF
ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND
PLAINTIFFS' REIMBURSEMENT AWARDS**

*Intel Corp. v. Terabyte Intern., Inc.*,
   6 F.3d 614 (9th Cir. 1993) ................................................................12

*Lobatz v. U.S. West Cellular of California, Inc.*,
   222 F.3d 1142 (9th Cir. 2000) ..........................................................10

*Staton v. Boeing Co.*,
   327 F.3d 938 (9th Cir. 2003) ............................................................13

*Turner v. General Electric Co.*,
   Case No. 2:05-cv-186-FtM-99DNF, 2006 U.S. Dist. LEXIS 65144
   (M.D. Fl. Sept. 13, 2006) ..................................................................15

*Van Vraken v. Atlantic Richfield Co.*,
   901 F. Supp. 294 (N.D. Cal. 1995) .....................................................6

*Vaughn v. Am. Honda Motor Co.*,
   627 F. Supp. 2d 738 (E.D. Tex. Sep. 28, 2007) ..................................7

**FEDERAL: STATUTES, RULES, REGULATIONS, CONSTITUTIONAL PROVISIONS**

Fed. R. Civ. P. 23 ................................................................................12

Fed. R. Civ. P. 23(e) .............................................................................1

Federal Rule of Evidence 408................................................3, 13, 14

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS'
MOTION FOR CLASS ACTION SETTLEMENT AND APPROVAL OF
ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND
PLAINTIFFS' REIMBURSEMENT AWARDS**

iii

**INTRODUCTION**

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, Plaintiffs Sheila Campbell, Genevieve Robbins and Lisa Scontras ("Plaintiffs")[1] respectfully submit this reply memorandum of law in further support of Plaintiffs' Motion for Final Approval of the Class Action Settlement and Approval of Attorneys' Fees, Reimbursement of Expenses and Plaintiffs' Reimbursement Awards ("Plaintiffs' Motion for Final Approval").

As detailed herein and in Plaintiffs' Motion for Final Approval, Plaintiffs and Defendants Ticketmaster L.L.C., Ticketmaster Entertainment, Inc. (collectively, "Ticketmaster"), and TicketsNow.com, Inc. ("TicketsNow") (collectively, "Defendants") have entered into the Settlement Agreement to resolve this action on behalf of a Class that includes:

> all United States residents who purchased tickets on the TicketsNow.com resale website (www.ticketsnow.com) between April 1, 2008, and February 5, 2009, having arrived at that website directly by linking from a Ticketmaster webpage indicating that no exact matches were found (the "NTF page") after performing a ticket search on Ticketmaster's website (www.Ticketmaster.com).

The Settlement provides excellent benefits for members of the Class and therefore, is fair, reasonable and adequate. Additionally, Plaintiffs' counsel's request for an award of attorneys' fees and expenses in the amount of $2,500,000 and payment of reimbursement awards for plaintiffs in the amount of $5,000 each, is also reasonable.

---

[1]     Unless otherwise specifically defined in this memorandum, all terms capitalized herein are defined in the Settlement Agreement and Limited Release, which was filed on October 17, 2011.

As a testament to the very substantial benefits that will become available to members of the Class pursuant to the Settlement, as well as to the reasonableness of the requested attorneys' fees and expenses (as well as reimbursement awards), only four individuals (three of which lack standing) have objected to the Settlement and one Class member has sent a request to be excluded from the Class out of the 166,382 potential Class members that received Notice of the Settlement.  *See* Declaration of Sorin Petrea at ¶¶ 4, 12; Declaration of Jennifer M. Keough of the Garden City Group at ¶¶ 5-7 ("Keough Decl.").  *See also* Exhibits A – C[2] to the Supplemental Declaration of Gina M. Tufaro In Further Support of Plaintiffs' Motion for Final Approval of Class Action Settlement and Approval of Attorneys' Fees, Reimbursement of Expenses and Plaintiffs' Reimbursement Awards (the "Supplemental Tufaro Declaration" or "Supp. Tufaro Decl.").[3]  Stated another way, only .002% of the Class has objected to the Settlement and only .0006% has requested to be excluded.  Such overwhelming support confirms that Final Approval is appropriate, here.

Furthermore, as demonstrated herein, neither of the two objections filed has any merit.

Andrew Cesare, Michelle Melton and Forest Turkish (the "Cesare Group") have submitted one objection.  The Cesare Group is represented by Darrell Palmer, Esq., ("Mr. Palmer") an attorney that is a self-proclaimed "professional objector;" a

---

[2]      On or about November 14, 2011, Ms. Christine Fogler sent Class Counsel a Request to be Excluded from the Settlement.  This Request is attached to the Supplemental Tufaro Declaration as Exhibit C.

[3]      On December 16, 2011, counsel received correspondence from Ms. Elena Pchenitchnikova, which listed a series of ticket purchases but did not state a basis for objecting and did not indicate whether Ms. Pchenitchnikova wished to be excluded from the Class.  Supp. Tufaro Decl. Ex. D.  Subsequently, the Claims Administrator contacted Ms. Pchenitchnikova, who indicated that she wished to participate in the Settlement, not object.  Keough Decl. at ¶ 10(c).

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR CLASS ACTION SETTLEMENT**

sentiment that has been echoed by certain courts.  Despite representations in the Cesare Group's objection to the contrary, *none* of the members of the Cesare Group are members of the Class.  Accordingly, members of the Cesare Group lack standing to object to the Settlement.  This Court should overrule the Cesare Group's objection on this basis, alone.

In addition to lacking standing, the objection submitted (but not filed) by the Cesare Group lacks merit.  The Cesare Group objects on three grounds.  First, in reliance on *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010) ("*Mercury*"), the Cesare Group objects to the fact that Class Counsel, in connection with the fee application, has not submitted time records, but rather has provided summaries of Plaintiffs' counsel's time.  *Mercury*, which is only applicable in common fund cases (which this case is not), did not hold that counsel is required to submit detailed time records.  In fact, courts in this District have repeatedly held that the submission of summary time reports, such as those submitted by Class Counsel, here, is perfectly appropriate to support a request for attorneys' fees.

Second, the Cesare Group incorrectly claims that this Court is not entitled to rely upon the declaration submitted by the mediator in this case, the Hon. Dickran Tevrizian (Ret.), regarding the fairness of the Settlement because, according to the Cesare Group, such testimony is inadmissible pursuant to Federal Rule of Evidence 408 ("Rule 408"), the mediation privilege.  Rule 408, however, does not bar Judge Tevrizian's declaration because this declaration is not submitted for the purpose of establishing "liability for, invalidity of, or amount of a claim" or to "impeach" a witness.

Third, the requirements for objecting are not "overly burdensome," as the Cesare Group claims.  This Court, during the hearing on Plaintiffs' Motion for Preliminary Approval, carefully considered each of the requested requirements and concluded that each was reasonable.

/ / /

Finally, Ms. Dawn Culver ("Culver")[4] has submitted her own objection, which simply states that she disagrees with the Settlement.  *See* Supp. Tufaro Decl. at Ex. B.  Culver does not take issue with any particular term of the Settlement and does not object to the requested attorneys' fees or plaintiff reimbursement awards. The question before this Court is not whether the Settlement provides Class members everything they could hope to recover, as Culver's objection intimates, but whether the Settlement is a fair, reasonable and adequate arm's length compromise of the dispute.  Because Culver's objection does not question the fairness, reasonableness or adequacy of the Settlement, Plaintiffs request that the Court overrule this objection.

Based on the foregoing, and the arguments set forth in Plaintiffs' Motion for Final Approval, Plaintiffs respectfully request that this Court: (i) grant Final Approval of the Settlement; (ii) award $2,500,000 in attorneys' fees and expenses to Class Counsel; (iii) award plaintiffs' reimbursement awards in the amount of $5,000 to Sheila Campbell, Ellen Diamond, Genevieve Robbins and Lisa Scontras, each; (iv) overrule the objections submitted by the Objectors; and (v) grant Ms. Fogler's Request for Exclusion.

## ARGUMENT

### I.      The Settlement, the Requested Attorneys' Fees, and Plaintiffs' Reimbursement Awards Are Fair, Reasonable and Adequate

As demonstrated in Plaintiffs' Motion for Final Approval, the Settlement, requested attorneys' fees and expenses, and the requested plaintiffs' reimbursement awards are all fair, reasonable and adequate.

In particular, the proposed Settlement provides: (1) compensation valued at as much as $16,500,000 in the form of a one-time rebate on a ticket purchase valued at 18.5% of the total transaction (subject to a cap of $100) or a one time cash payment

---

[4]      "Objectors" refers to the Cesare Group and Culver, collectively.

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR CLASS ACTION SETTLEMENT**

of $10; (2) injunctive relief in the form of certain significant disclosures; and (3) acknowledgement by Defendants that Plaintiffs' claims served as a basis for additional disclosures that Defendants agreed to make in connection with the settlement of claims asserted by government regulators, on behalf of the public, arising out of Defendants' ticket sales practices. *See* Exhibit A at § III, ¶ 2 to the Declaration of Gina M. Tufaro in Support of Preliminary Approval. These benefits, and the immediacy of their availability, which Plaintiffs weighed against the risks of continued litigation, provide real and substantial benefits to members of the Class and address the very wrongs of which Plaintiffs complain. Significantly, none of the Objectors have claimed that these benefits are not fair, reasonable or adequate.

Additionally, as explained in Plaintiffs' Motion for Final Approval, Plaintiffs' counsel's collective adjusted lodestar in this action is $3,460,521.53. Class Counsel, however, has made an application to the Court for an award of $2,500,000 for attorneys' fees and expenses, which Defendants have agreed not to oppose. This amount is nearly $1 million less than the actual collective attorneys' fees and expenses incurred by Plaintiffs in connection with the prosecution of this litigation. Accordingly, if the Court approves Class Counsel's request for an award of attorneys' fees, plaintiffs' counsel will only receive payment for a fraction of the attorney time they expended litigating this action on behalf of the Class.

Further, in a traditional common fund recovery, the attorneys' fees award is taken from the fund before the claims are paid to class members, thereby reducing the amount available to the class. In this case, however, Class Counsel negotiated, and Defendants agreed to pay, the $2,500,000 in attorneys' fees *separate* from and *in addition* to the benefits provided under the Settlement. As a result, the award and payment of attorneys' fees to Class Counsel and their colleagues will not reduce any benefits available to Class members under the Settlement.

Accordingly, on this basis, and those set forth in Plaintiffs' Motion for Final Approval, Class Counsel respectfully submits that the requested fee is reasonable.

1  Notably, none of the Objectors have claimed otherwise.

2         Finally, Plaintiffs respectfully request that the Court approve a $5,000

3  reimbursement award to each plaintiff in this action.  In determining whether to

4  approve such awards, courts consider "(1) the risk to the class representative in

5  commencing suit, both financial and otherwise; (2) the notoriety and personal

6  difficulty encountered by the class representative; (3) the amount of time and effort

7  spent by the class representative; (4) the duration of the litigation; and (5) the

8  personal benefit enjoyed by the class representative as a result of the litigation."

9  *Van Vraken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995).

10        Here, plaintiffs have expended significant effort over a number of years and

11 contributed a substantial amount of time in representing the interest of the Class.

12 Since filing their initial complaints over four years ago, plaintiffs have monitored,

13 supervised and directed counsel; read and approved the filing of numerous court

14 documents; participated in telephone calls; responded to emails; and participated in

15 discovery.  *See generally* Exhibits 17 – 20 annexed to the Declaration of Gina M.

16 Tufaro in support of Final Approval.  Again, none of the Objectors take issue with

17 Plaintiffs' request for these reimbursement awards.

18        In light of the foregoing, and in light of the fact that the vast majority of the

19 Class support the Settlement and requested attorneys' fees and reimbursement

20 awards, Plaintiffs respectfully request that this Court issue an order granting final

21 approval to the Settlement, award Class Counsel $2,500,000 in attorneys' fees and

22 expenses and award plaintiffs reimbursement awards in the amount of $5,000, each.

23 **II.    The Objections of the Cesare Group Are Meritless**

24        Despite the fact that the overwhelming majority of the Class supports the

25 Settlement and requested awards, two objections have been filed; the first by the

26 Cesare Group and the second by Culver.  As explained herein, both of these

27 objections lack merit.

28 / / /

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR CLASS ACTION SETTLEMENT**

## A. All of the Members of the Cesare Group Lack Standing

It is black letter law that only members of a class may object to a class settlement. *See, e.g., Vaughn v. Am. Honda Motor Co.*, 627 F. Supp. 2d 738, 748 (E.D. Tex. Sep. 28, 2007) (overruling objections by those not members of proposed class). Furthermore, this Court's order granting Preliminary Approval makes clear that "only Settlement Class members may object." Doc. No. 155 dated October 31, 2011 at ¶ 16. Despite this well-recognized principle, which this Court adopted in its Order preliminarily approving the Settlement, and contrary to representations made by the Cesare Group and its counsel, *none* of the members of the Cesare Group are members of the Class. Therefore, *none* of the members of the Cesare Group have standing to object to the Settlement. [5]

According to the Settlement Agreement and this Court's order granting Preliminary Approval of the Settlement, only those who: (i) purchased tickets on the TicketsNow.com resale website (www.ticketsnow.com) (ii) having arrived at that website directly by linking from a Ticketmaster webpage indicating that no exact matches were found (the "NTF page") (iii) after performing a ticket search on Ticketmaster's website (www.Ticketmaster.com) are members of the Class. *See* Ex. A to the Declaration of Gina M. Tufaro in Support of Preliminary Approval. *See also* Doc. No. 155.

---

[5]  Furthermore, pursuant to the Court's order Preliminarily Approving the Settlement, all objecting Class members must file a "Notice of Intention to Appear" by no later than December 23, 2011. "Any member of the Settlement Class who does not provide a Notice of Intention to Appear in compliance with the deadlines and other specifications set forth herein…is precluded from being heard at the Settlement Fairness Hearing." See Order at ¶ 19. None of the members of the Cesare Group has filed the requisite Notice of Intention to Appear. Accordingly, the Cesare Group should be precluded from being heard at the Fairness Hearing scheduled for February 13, 2012.

---

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR CLASS ACTION SETTLEMENT**

The "evidence" submitted by the Cesare Group, however, does not reflect that any of the purchases listed were made from *Ticketsnow*, a prerequisite to Class membership. Instead, the Cesare Group only submitted *Ticketmaster* order histories, which belie any claim that any of the members of the Cesare Group were redirected to and purchased tickets from *www.ticketsnow.com* – a separate website from www.ticketmaster.com. *See* Supp. Tufaro Dec. Ex. A at Ex. A (reflecting "Ticketmaster Order History" for each member of the Cesare Group). Indeed, a review of TicketsNow's records has confirmed that the members of the Cesare Group were not redirected to the TicketsNow website from the Ticketmaster website, and, therefore, are not Class members. *See* Declaration of Carlo Reyes at ¶¶ 3-5 (stating how, as an employee of TicketsNow.com, Mr. Reyes searched certain databases to ascertain whether the members of the Cesare Group are members of the Class and concluded that none of the members of the Cesare Group are members of the Class).

Despite the fact that none of the members of the Cesare group are members of the Class, the Cesare Group's objection falsely states that "*Objectors declare under penalty of perjury*, as provided in the claim form lodged with the Court *that they are class members who were redirected to the TicketsNow website*, and paid far more than face value for the tickets they purchased during the class period." Supp. Tufaro Decl. Ex. A at 1. (Emphasis added). Such misrepresentations raise serious questions regarding the credibility of the Cesare Group and its objection.

Because *none* of the purchases made by the Cesare Group were made on www.ticketsnow.com, and *none* of the purchases were made after being directed to www.ticketsnow.com from www.ticketmaster.com, *none* of the members of the Cesare Group are members of the Class. Accordingly, *none* of the members of the Cesare Group have standing to object to the Settlement.

After learning that none of the members of the Cesare Group are members of the Class, Class counsel wrote to Mr. Palmer on January 5, 2012, informing him of

such and requesting that the Cesare Group immediately withdraw their objection (the "January 5th Letter").  *See* Supp. Tufaro Decl. Ex. E.  In the event that the Cesare Group failed to withdraw their objection, Class counsel informed Mr. Palmer that Plaintiffs would seek appropriate sanctions.  As of the date of this filing, Mr. Palmer has not responded to Plaintiffs' January 5th Letter and none of the members of the Cesare Group have withdrawn their objection. *See* Supp. Tufaro Decl. at ¶ 7.  Accordingly, Plaintiffs will be filing a motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure.

## B. <u>Class Counsel Is Not Required To Submit Detailed Time Records</u>

In addition to lacking standing, the objections of the Cesare Group lack merit.  In particular, the Cesare Group objects to the fact that Class Counsel has not submitted detailed time records in connection with its fee application. Supp. Tufaro Decl. Ex. A at 3.   Courts in the Ninth Circuit have repeatedly held, however, that detailed time records need not be submitted with class counsel's fee request.  Indeed, the Cesare Group conveniently ignore the numerous cases from this Circuit in which courts have concluded that summaries of counsel's time, such as those submitted here, are adequate support for a fee application.  *See, e.g., Lobatz v. U.S. West Cellular of California, Inc.*, 222 F.3d 1142, 1149 (9th Cir. 2000) ("we conclude the district court did not abuse its discretion by not examining class counsel's contemporaneous time records, conducting a more intensive inquiry, or perhaps enlisting the services of a special master."); *In re:   National Security Agency Telecommunications Records Litig.*, MDL No. 06-1791, 2010 U.S. Dist. LEXIS 136156, at *51 (N.D. Cal. Dec. 21, 2010) (holding that counsel need not submit contemporaneous time records where detailed summaries were provided); *Hartless v. Clorox Co.*, 273 F.R.D. 630, 644-45 (S.D. Cal. 2011) ("Neither California courts or federal courts require counsel to submit complete time records when requesting an attorneys' fee award.  A court may review the summaries provided in declarations by counsel without reviewing contemporaneous time records.").  In fact, the court in

*Lobatz* concluded that class members are not even entitled to discovery of contemporaneous time records without a showing of special need, such as where there is some evidence that defendant and counsel colluded in crafting the settlement and attorney's fee award.  222 F.3d at 1147-48 ("We decline to adopt a rule that a district court must grant a request for discovery of contemporaneous time records in every case in which attorney fees are sought.").  Here, there has been no allegation of collusion.  Accordingly, by submitting summaries of time records, Plaintiffs' counsel has appropriately supported the requested fee.

The holding of *Mercury*, the case on which the Cesare Group primarily relies, does not provide for a different conclusion.  In *Mercury*, objections to a class settlement were due *two weeks before* the filing of plaintiffs' motion for attorneys' fees and expenses, which requested that the court award class counsel 25% of the $117.5 million settlement fund.  618 F.3d at 991.  The *Mercury* court held "that the district court abused its discretion when it … [set] the objection deadline for class members on a date before the deadline for lead counsel to file their fee motion."  *Id.* at 993.  Thus, the court's holding was not based on *what* was submitted with counsel's fee motion, but *when* that motion was submitted.[6]

Here, Class Counsel specifically requested that the Court set a schedule requiring that Plaintiffs file Plaintiffs' Motion for Final Approval of the Settlement and Attorneys' Fees well before objections were due so as to comply with the ruling in *Mercury* and so as to permit members of the Class sufficient time to review Plaintiffs' fee application.  *See* Supp. Tufaro Decl. Ex. F (Transcript of Hearing on

---

[6]   Although the *Mercury* court, in *dicta*, stated that class members must be afforded the opportunity to "inquire into the bases for various charges and ensure that they are adequately documented and supported," at no point did the *Mercury* court say that this includes the requirement that counsel append their time sheets to their fee motion. *Id*. at 994.

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR CLASS ACTION SETTLEMENT**
**10**

Plaintiffs' Motion for Preliminary Approval dated October 31, 2011) at 9 (Class Counsel stated "we also are aware of the fact that the Ninth Circuit had issued an opinion not too long ago, *In re Mercury*, that says we have to…file attorneys' fee briefs prior to the objection deadline so that anybody who wants to evaluate that information will have that information; and therefore be able to make an educated objection").   The schedule set by the Court required the Plaintiffs' Motion for Final Approval and Attorneys' Fees to be filed on December 9, 2011, two weeks prior to the December 23 due date for objections.   Accordingly, Class members had sufficient time to review Plaintiffs' application, prior to submitting any objection, as required by *Mercury*.[7]

Although, Plaintiffs' counsel requested that the Court set a schedule that complies with *Mercury*, which the Court did do, it is questionable as to whether the holding of *Mercury* is even applicable, here.   Significantly, the Court in *Mercury* appears to limit its holding to "common fund" cases where counsel's fees are taken from the settlement fund – a situation that is not present in this case because an award of counsel's fees will have no impact on the compensation provided to Class

---

[7]   The other three cases the Cesare Group cites in support of their argument that time sheets must be submitted with class counsel's fee motion are inapposite. *Hensley v. Eckerhart*, 461 U.S. 424 (1982), *Intel Corp. v. Terabyte Intern., Inc.*, 6 F.3d 614 (9th Cir. 1993), and *Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211 (9th Cir. 1997), do not involve fee petitions brought under Fed. R. Civ. P. 23, and none of these opinions state that detailed time records must be submitted with fee petitions.   *Intel*, 6 F.3d at 623, and *Entertainment Research Group, Inc.*, 122 F.3d at 1230, merely note that detailed time records may be necessary in some situations, like in *Entertainment Research Group, Inc.* when the court concluded that the time counsel purportedly spent on certain claims was "surprising."   122 F.3d at 1231.   The circumstances presented in these cases are far removed from the situation, here, where Defendants have agreed not to oppose counsel's fee request and, a highly-respected, retired federal district judge has concluded that counsel's fee request is fair and reasonable.

members.  *See id.* at 994 ("During the fee-setting stage of common fund class action suits such as this one, '[p]laintiffs' counsel, otherwise a fiduciary for the class, … become[s] a claimant against the fund created for the benefit of the class.'" (quoting *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1302 (9th Cir. 1994)). *See also In re Lifelock*, MDL Docket No. 08-1977-MHM, 2010 U.S. Dist. LEXIS 102612, *32 (D. Az. Aug. 31, 2010) (rejecting the argument that *Mercury* applied to non-common fund settlements).  By contrast, the Ninth Circuit has noted that where the "defendant in form agrees to pay the fees independently of any monetary award or injunctive relief provided to the class … the court need not inquire into the reasonableness of the fees even at the high end with precisely the same level of scrutiny as when the fee amount is litigated."  *Staton v. Boeing Co.*, 327 F.3d 938, 963 (9th Cir. 2003).  Because this is not a common fund case, the holding of *Mercury* is inapplicable.

Accordingly, Plaintiffs respectfully request that the Court overrule this objection of the Cesare Group.

## C. The Declaration of the Hon. Dickran Tevrizian Is Not Precluded By Rule 408

The Cesare Group further argues that the Declaration of the Hon. Dickran Tevrizian (Ret.) in Support of Plaintiffs' Motion for Final Approval ("Tevrizian Final Approval Declaration") is "inadmissible" and should not be considered by the Court pursuant to Rule 408.  Supp. Tufaro Decl. Ex. A at 5.[8]

Despite the Cesare Group's protestations, nothing in Rule 408 prohibits the introduction of the Tevrizian Final Approval Declaration.  Rule 408 prohibits introduction of "conduct or statements made in compromise negotiations regarding

---

[8]     The Cesare Group incorrectly states that the Tevrizian Final Approval Declaration is filed under seal.  Supp. Tufaro Decl. Ex. A at 5.  The Tevrizian Final Approval Declaration, however, is not filed under seal.  *See* Doc. No. 158-6 (filed on December 9, 2011).

the claim" in limited situations. In particular, a party may not introduce such evidence "when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction." Rule 408(a)(2). Rule 408(b), however, permits parties to introduce evidence of settlement negotiations for any other purpose not specifically prohibited by Rule 408(a). *See* FRE 408(b) ("This court may admit this evidence for another purpose.").

Here, the Tevrizian Final Approval Declaration is not "offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction." Rather, Plaintiffs' submit the Tevrizian Final Approval Declaration to show that the Settlement negotiations were not the product of collusion, that the parties negotiated in good faith and at arm's length, and that the requested attorneys' fees are fair and reasonable. *See* Tevrizian Final Approval Declaration at ¶¶ 17, 19. Use of settlement negotiations for such purposes is permissible under Rule 408. *See* Rule 408(b).

Accordingly, Plaintiffs respectfully request that the Court overrule this objection of the Cesare Group.

## D. <u>The Objection Requirements Are Not Overly Burdensome</u>

The Cesare Group further complains that the requirements for objecting are "overly burdensome." Supp. Tufaro Decl. Ex. A at 5.

According to the Notice, as well as the Order granting Preliminary Approval to the Settlement, "a valid Objection must contain the following information: (i) the objector's full name, current address, telephone number and email address, if applicable; (ii) the purchase date of the ticket(s); (iii) the number of ticket(s) purchased; (iv) the artist and/or event for which the ticket(s) was purchased; (v) the cost of the ticket(s); (vi) a detailed statement of the position(s) the objector wishes to assert and the factual and legal grounds therefore; (vii) copies of any other

documents that the objector wishes to submit in support of their position; (viii) objectively verifiable proof of purchase of a ticket (e.g., an email confirmation of ticket(s) purchase or electronic bill reflecting ticket(s) purchase); and (ix) whether the objector has objected previously to other class action settlements, and if so, the number of times the objector has objected to other class action settlements and the case name, court, and, if available, by case number." *See* Doc. No. 155 at ¶ 17.

Items (i)-(v) and (viii) are items that relate to a potential Class member's proof of purchase.  Requiring that Class members provide proof of purchase is standard in class action settlements and is not unduly burdensome. *See, e.g., Turner v. General Electric Co.*, Case No. 2:05-cv-186-FtM-99DNF, 2006 U.S. Dist. LEXIS 65144, at \*20 (M.D. Fl. Sept. 13, 2006) (proof of purchase requirement is a "reasonable administrative procedure which does not impose an undue burden on any Settlement Class Member.")

Additionally, item (vi) requires that the objector set forth his/her basis for objecting.  Essentially, item (vi) is the objection, itself, and, is therefore, by definition, necessary and not unduly burdensome.

Item (vii) is optional.

Finally, item (ix) asks the objector to state "whether the objector has objected previously to other class action settlements, and if so, the number of times the objector has objected to other class action settlements and the case name, court, and, if available, by case number."  As explained by Class Counsel to the Court during the hearing on Preliminary Approval, the parties believe that item (ix) was necessary to determine whether any objector to this Settlement was a "professional objector" and to deter those with an agenda other than the advancement of the interest of Class members from objecting to the Settlement. *See* Supp. Tufaro Decl. Ex. F at 5.  The Court carefully considered the relevance of item (ix) and ordered item (ix) included in the list of objection requirements. *Id.*; Doc. No. 155 at ¶ 17.

/ / /

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR CLASS ACTION SETTLEMENT**

**14**

1   Accordingly, because none of these requirements are "unduly burdensome,"

2   and this Court carefully considered whether each was necessary for the purpose of

3   stating a valid objection to the Settlement, Plaintiffs respectfully request that this

4   Court overrule this objection of the Cesare Group.

5   **E. Palmer Is a Self-Proclaimed "Professional Objector"**

6   While Plaintiffs have demonstrated that each of the objections advanced by

7   the Cesare Group is without merit, it should not go unnoticed that Mr. Palmer,

8   himself, has openly admitted to filing serial objections for the purpose of extorting

9   "a lot" of fees from plaintiffs' attorneys and the classes that they represent.

10   On October 14, 2011, Mr. Palmer, who referred to himself as a "professional

11   objector" (i.e., one who sells an objection for a profit), spoke at the 15th Annual

12   National Institute on Class Actions on a panel regarding objectors and class actions.

13   *See* Supp. Tufaro Decl. at Ex. G.  During this discussion, Mr. Palmer revealed a

14   number of interesting facts about his professional objection practice.  First, Mr.

15   Palmer stated that he files so many objections to class action settlements that

16   "objecting is a hobby for me."  *See* Supp. Tufaro Decl. at Ex. H (article entitled

17   "Notes from the 15th Annual National Institute on Class Actions" dated October 17,

18   2011)(quoting Mr. Palmer's presentation). Second, Mr. Palmer revealed, in response

19   to a question from an audience member regarding Mr. Palmer's fees, that, over the

20   last decade, Mr. Palmer has made "a lot" of money "selling appeals"; i.e. taking

21   money from plaintiffs' counsel in exchange for dismissing an appeal that Mr. Palmer

22   filed after his objection had been overruled by a trial court.  *See* Supp. Tufaro Decl.

23   at Ex. H   Third, Mr. Palmer stated that he "sells appeals" of overruled settlements

24   not for the purpose of benefitting members of a class, but to "pay his overhead."  *See*

25   Suppl. Tufaro Decl. at ¶ 9.

26   The frequency with which Mr. Palmer, whose Twitter account name is

27   "AceObjector" (*See* Supp. Tufaro Decl. Ex. I), files objections to class settlements

28   has been exposed by at least one court, which has referred to Mr. Palmer as a "serial

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR CLASS ACTION SETTLEMENT**

objector."  *Gemelas v. The Dannon Co., Inc.*, No. 1:08 CV 236, 2010 U.S. Dist. LEXIS 99503, at *5 (N.D. Ohio Aug. 31, 2010) (referring to Mr. Palmer and his client as "serial objectors").

In light of the fact that: (i) none of the members of the Cesare Group are members of the Class and, therefore, all lack standing to object; (ii) none of the objections raised by the Cesare Group have any merit; and (iii) Mr. Palmer has a long history as a self-proclaimed "professional" objector, this Court must see the Cesare Group's objection for what it truly is – an apparent and thinly veiled attempt to extract money from plaintiffs' counsel to help Mr. Palmer "pay his overhead."

Accordingly, Plaintiffs respectfully request that this Court overrule the Cesare Group's objection.

## III.   Culver's Objection Is Meritless

Culver's objection states in relevant part: "Do not agree with $10 settlement, or having to purchase another ticket through establishment."  Tufaro Decl. at Ex. B. Culver may not agree with the Settlement, but she does not take issue with any particular term of the Settlement and does not object to attorneys' fees or the requested plaintiffs' reimbursement awards.

The question before this Court is not whether the Settlement provides class members everything they could hope to recover, but whether the settlement is a fair, reasonable and adequate arm's length compromise of a dispute. *See Browning v. Yahoo! Inc.*, 2007 U.S. Dist. LEXIS 86266 at *17 ("[S]ome objectors complain that they should get a full cash refund. This is tantamount to complaining that the settlement should be "better," which is not a valid objection."); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 at 1027("[I]t is possible, as many of the objectors' affidavits imply, that the settlement could have been better. But this possibility does not mean the settlement presented was not fair, reasonable or adequate. Settlement is the offspring of compromise.").   Here, the Settlement and requested fees are fair,

1  reasonable, and adequate and Culver does not contend otherwise.[9]

2      Accordingly, Plaintiffs respectfully request that this Court overrule Culver's

3  objection.

4

5                          **CONCLUSION**

6      Based on the foregoing, Plaintiffs respectfully request that this Court issue an

7  order: (i) granting Final Approval of the Settlement; (ii) awarding $2,500,000 in

8  attorneys' fees and expenses to Class Counsel; (iii) awarding plaintiffs'

9  reimbursement awards in the amount of $5,000 to Sheila Campbell, Ellen Diamond,

10  Genevieve Robbins and Lisa Scontras; (iv) overruling the objections submitted by

11  the Objectors; and (v) permitting Ms. Fogler to opt out of the Class.

12

13  Dated: January 9, 2012                Respectfully submitted,

14                                By: */s/ Paul R. Kiesel*_____

15                                    Paul R. Kiesel (Bar No. CA
16                                    119854)
17                                    **KIESEL BOUCHER**
18                                    **LARSON LLP**
                                      8648 Wilshire Boulevard
19                                    Beverly Hills, California
                                      90211-2910
20                                    Telephone: (310) 854-4444
                                      Facsimile: (310) 854-0812
21

22                                    *Plaintiffs' Interim Liaison*
23                                    *Counsel*

24                                    Paul O. Paradis
25                                    Gina M. Tufaro

26

27  [9]     Because Culver has failed to file the requisite Notice of Intention to
28  Appear, Culver, like members of the Cesare Group should be precluded
    from being heard at the Fairness Hearing scheduled for February 13, 2012.

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR CLASS ACTION SETTLEMENT**

**HORWITZ, HORWITZ & PARADIS, ATTORNEYS AT LAW**
570 Seventh Ave., 20th Floor
New York, NY 10018
Tel: 212-986-4500
Fax: 212 986-4501

Jeffrey I. Carton
**MEISELMAN, DENLEA, PACKMAN, CARTON & EBERZ P.C.**
1311 Mamaroneck Ave.
Suite 220
White Plains, NY 10605
Tel: 914-517-5000
Fax: 914-517-5055

John E. Keefe Jr.
**KEEFE BARTELS CLARK**
170 Monmouth Street
Red Bank, NJ 07701
Tel: 732-224-9400
Fax: 914-517-5055

*Plaintiffs' Interim Co-Lead Counsel*

**FINKELSTEIN THOMPSON LLP**
100 Bush St.
Suite #1450
San Francisco, CA 94104
Tel: 415-398-8700

**NAGEL RICE, LLP**
103 Eisenhower Parkway
Roseland, NJ 07068
Tel: 973-618-0400

**WILLIAMS LAW FIRM**
1632 Homestead Trail
Long Lake, MN 55356
Tel: 763-473-0314

**HAVILAND LAW FIRM, LLC**
111 S. Independence Mall East
Philadelphia , PA 19106
Tel: 215-609-4661

**LAW OFFICES OF JAMES V. BASHIAN**
500 Fifth Ave. – Suite 2700
New York, NY 10036
Tel: 212-921-4110

*Plaintiffs' Executive Committee*

<u>CERTIFICATE OF SERVICE</u>

I am employed in the City and County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action.  My business address is 8648 Wilshire Boulevard, Beverly Hills, California 90211-2910.

I served on January 9, 2012, the foregoing document described as:

1.     **REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT and APPROVAL OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND PLAINTIFFS' REIMBURSEMENT AWARDS**

on the interested parties by electronically filing with the Court a true and correct copy thereof and causing a true and correct copy to be delivered to the addressed as follows:                    **PLEASE SEE ATTACHED SERVICE LIST**

[ X ]    VIA U.S. MAIL:

I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. Under that practice, such envelope(s) would be deposited with the U.S. postal service with postage thereon fully prepaid, at Beverly Hills, CA.

[ X ]    FEDERAL:

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 9, 2012, at Beverly Hills, California.

Julissa E. Salguero

1

<u>SERVICE LIST</u>

2

3   Darrell Palmer (SBN 125147)
    Law Offices of Darrell Palmer
4   603 North Highway 101, Ste. A
5   Solana Beach, CA 92075
    Telephone:  (858) 792-5600
6   Facsimile:  (858) 792-5655
7

8   Dawn Culver
    2921 Pin Oak Drive
9   Bardstown, KY 40004
10  Telephone:  (502) 827-1230
11

    Christine Fogler
12  118 Main Street
13  Avon by the Sea, NJ 07717
    Telephone:  (732) 774-5485
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE