**KIESEL BOUCHER LARSON LLP**                              JS-6
Paul R. Kiesel (Bar No. CA 119854)
8648 Wilshire Boulevard
Beverly Hills, California 90211-2910
Telephone: (310) 854-4444
Facsimile: (310) 854-0812
*Plaintiffs' Interim Liaison Counsel*

**HORWITZ, HORWITZ & PARADIS**
Attorneys at Law
Paul O. Paradis, Esq. (Pro Hac Vice)
Gina M. Tufaro, Esq. (Pro Hac Vice)
570 7th Avenue,– 20th Floor
New York, New York, 10023
Telephone (212) 986-4500
Facsimile: (212) 986-4501

*Plaintiffs' Interim Co-Lead Counsel*
[*Additional counsel on signature page*]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| IN RE TICKETMASTER SALES PRACTICES LITIGATION | Lead Case CV 09-0912 ABC (JCx) |
| | <u>CLASS ACTION</u> |
| This Document Relates To: | [~~PROPOSED~~] **FINAL ORDER AND JUDGMENT OF DISMISSAL WITH PREJUDICE** |
| All Actions | Judge: Audrey B. Collins |

1

**[PROPOSED] FINAL ORDER AND JUDGMENT APPROVING SETTLEMENT**

This matter came before the Court for hearing pursuant to the Order of this Court dated October 31, 2011, on Plaintiffs' Motion for Approval of the Settlement (the "Settlement") set forth in the Settlement Agreement and Limited Release dated October 17, 2011 ("Settlement Agreement") (attached as Exhibit A and incorporated herein by reference).  Due and adequate notice having been given to the Class as required in said Order, the Court having considered all papers filed and proceedings had herein and otherwise being fully informed concerning the Settlement, and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.     With respect to the capitalized terms set forth herein, the Court, for purposes of this Final Judgment and Order of Dismissal with Prejudice ("Final Order"), adopts the definitions set forth in the Settlement Agreement.

2.     This Court has continuing jurisdiction over: (a) this Settlement and implementation of this Settlement; (b) Plaintiffs' application for an award of attorneys' fees, reimbursement of expenses and reimbursement payments to plaintiffs Sheila Campbell, Ellen Diamond, Genevieve Robbins and Lisa Scontras; and (c) all parties hereto and their counsel for the purpose of construing, enforcing and administering the Settlement Agreement.

3.     The Court finally certifies, for settlement purposes only, the following Settlement Class:

> all United States residents who purchased tickets on the TicketsNow.com resale website (www.ticketsnow.com) between April 1, 2008 and February 5, 2009, having arrived at that website directly by linking from a Ticketmaster webpage indicating that no exact matches were found (the "NTF page") after performing a ticket search on Ticketmaster's website (www.ticketmaster.com).

4.     Specifically excluded from the Settlement Class are each of the following:

**[PROPOSED] FINAL ORDER AND JUDGMENT APPROVING SETTLEMENT**

(i)   Persons otherwise included in the Class definition listed above, but who already received, or who remain eligible to receive as of the date of approval of Class Notice in this Action, any relief or reimbursement from Defendants separate and apart from the relief provided for by the Settlement Agreement, including as a result of any stipulated injunctive orders or assurances of voluntary compliance in connection with any government investigations of Defendants;

(ii)   Ticketmaster L.L.C., Ticketmaster Entertainment, Inc., and TicketsNow.com, and their subsidiaries, affiliates, officers, directors, managers, members and employees;

(iii)   The Judge to whom this case is assigned and any member of the Judge's immediate family; and

(iv)   All members of the initially-certified Class who timely and validly exercised their Request for Exclusion from the Settlement.

5.   With respect to the Settlement Class, this Court finds that: (a) the members of the Settlement Class are so numerous their joinder in the Class Actions is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual question; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Settlement Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by the Settlement Class, (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the Class Actions.

**[PROPOSED] FINAL ORDER AND JUDGMENT APPROVING SETTLEMENT**

6. The Parties reached a proposed settlement only after years of vigorous litigation. The Settlement was arrived at under the watchful supervision of a highly respected and qualified mediator, the Hon. Dickran Tevrizian (Ret.). In the absence of settlement it would be necessary to continue prosecuting the Action through trial. There are significant risks in this litigation. Because of these risks, the outcome is uncertain. Therefore, balancing the costs, risks, and delay of continued litigation against the benefits of the Settlement Agreement to the Settlement Class, the Court has concluded that the settlement as provided in the Settlement Agreement is in the best interests of the Settlement Class.

7. Taking these factors into account, the Court concludes that the Settlement terms reflected in the Settlement Agreement represent a reasonable compromise of the claims that have been asserted in this Action.

8. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement Agreement as fair, reasonable and adequate as it applies to all Plaintiffs and the Settlement Class. The Court further directs implementation of all terms and provisions of the Settlement Agreement.

9. The Class Notice and Short-form Class Notice, the contents of which were previously approved by the Court's Order dated October 31, 2011, have been disseminated in accordance with procedures required by the Court's Order and the law. The notice program satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and (a) provided the best practicable notice, (b) was reasonably calculated, under the circumstances, to apprise the initially-certified Class of the pendency of the Action, the terms of the Settlement Agreement, and of their right to appear or object to or exclude themselves from the Settlement Class, (c) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice, and (d) fully complied with the applicable laws of the United States.

**[PROPOSED] FINAL ORDER AND JUDGMENT APPROVING SETTLEMENT**

10.     All Parties and members of the Settlement Class are bound by this Final Order and by the Settlement Agreement.

11.     The Court dismisses with prejudice all claims currently pending before it belonging to Plaintiffs and members of the Settlement Class in the time and manner provided for in the Settlement Agreement.

12.     The Released Parties are forever discharged from the Released Claims, as that term is defined in Section II of the Settlement Agreement, belonging to Plaintiffs and members of the Settlement Class in the time and manner provided for in the Settlement Agreement. This release occurs pursuant to the terms and covenants of the Settlement Agreement.

13.     All members of the Settlement Class are barred, permanently enjoined, and restrained from commencing or prosecuting any action, suit, proceeding, claim, or cause of action in any jurisdiction or court against the Released Parties based upon, relating to, or arising out of, any of the Released Claims.   However, all members of the initially-certified Class who did make a valid Request for Exclusion from the Class in the time and manner provided in the Settlement Agreement are not barred, permanently enjoined, and restrained from commencing or prosecuting any action, suit, proceeding, claim, or cause of action in any jurisdiction or court against Defendants and/or the Released Parties based upon, relating to, or arising out of, any of the Released Claims.

14.     By operation of this Final Order and upon the occurrence of the Effective Date, the Released Parties shall be deemed to have, and by operation of this Final Order shall have, fully, finally, and forever released, relinquished and discharged each and all members of the Settlement Class, Plaintiffs and Class Counsel from all claims (including unknown claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of this litigation or the Released Claims.

**[PROPOSED] FINAL ORDER AND JUDGMENT APPROVING SETTLEMENT**

15.    For good cause shown, the Court awards reimbursement payments to plaintiffs Sheila Campbell, Ellen Diamond, Genevieve Robbins and Lisa Scontras in the amount of $5,000 each for the time and expense each of these plaintiffs expended in connection with the prosecution of the Action.

16.    For good cause shown, the Court awards Class Counsel reasonable attorneys' fees and expenses in the amount of $2,500,000. The attorneys' fees and expenses shall be paid by Defendants upon entry of this Final Order.  Promptly following the occurrence of the Effective Date, Horwitz, Horwitz & Paradis will allocate and pay any attorneys' fees and expense reimbursement awarded by the Court among Plaintiffs' counsel as set forth in the confidential Report and Recommendation, of Hon. Dickran Tevrizian (Ret.) Concerning Allocation of Attorneys' Fees and Expenses among Plaintiffs' Counsel, which has been lodged with the Court.

17.    The Settlement Agreement shall not be offered or be admissible in evidence by or against Defendants or cited or referred to in any other action or proceeding, except (1) in any action or proceeding brought by or against the Parties to enforce or otherwise implement the terms of the Settlement Agreement, or (2) in any action involving Plaintiffs, members of the Settlement Class, or any of them, to support a defense of res judicata, collateral estoppel, release, or other theory of claim preclusion, issue preclusion, or similar defense.

18.    If, for any reason, the Effective Date of Settlement Agreement does not occur, this Final Judgment shall be deemed vacated and shall have no force or effect whatsoever.

19.    Without affecting the finality of the Final Order in any way, the Court reserves continuing jurisdiction, as described herein.

**[PROPOSED] FINAL ORDER AND JUDGMENT APPROVING SETTLEMENT**

20.     The Clerk is directed to enter this Final Order forthwith.


**IT IS SO ORDERED.**


Dated:   February 13, 2012          _____

Hon. Audrey B. Collins
United States District Court,
District of California – Western Division

---

7

**[PROPOSED] FINAL ORDER AND JUDGMENT APPROVING SETTLEMENT**